UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGEL GONZALEZ-TORRES, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:21-cv-02935-TWP-MPB ) |
| WENDY KNIGHT, | ) ) ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Angel Gonzalez-Torres ("Mr. Gonzalez-Torres") filed a petition for a writ of habeas corpus challenging a Correctional Industrial Facility disciplinary proceeding identified as CIC 21-05-0045. For the reasons explained in this Order, Mr. Gonzalez-Torres' habeas petition is **denied,** and the **clerk is directed to enter final judgment** in Respondent's favor.

**I.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: (1) the issuance of at least 24 hours advance written notice of the charge; (2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; (3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and (4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II.   The Disciplinary Proceeding

On May 4, 2021, Officer C. Fields issued a Report of Conduct charging Mr. Gonzalez Torres with a violation of Offense Code A 102/111 for conspiracy to commit battery against an offender. Dkt. 9-1. The Conduct Report states:

> On 5-4-2021 at 9:00AM I reviewed an incident report from the night prior, 5-3-2021, stating Ofd. Langenderfer, Tyler W/M #179469 was assaulted at 7:55 pm, shortly after being moved out of ARH at approx.7:21 pm. While reviewing camera footage I noticed at approximately 7:45 PM Ofd. Gonzalez-Torres, Angel H/M #266034 was involved in a meeting being held by the side of the left steps in the B-unit 2/4 side dayroom. Ofd. Gonzalez-Torres is a high-ranking Latin King at CIF and with my training I determined that this meeting was held to plan and carry out the assault that took place. After the meeting Ofd. Gonzalez-Torres then stood as a watch as the assault took place at approximately 7:55 PM.

*Id*.

On May 7, 2021, Mr. Gonzalez-Torres was notified of the charges, pleaded not guilty, and requested a lay advocate. Dkt. 9-2. He also requested witness statements and video evidence which he asserted would prove he was on the phone and had nothing to do with the incident. *Id*. The disciplinary hearing officer ("DHO") filed a Report of Disciplinary Hearing Video Evidence Review, and it states:

> I, Sgt. R. Schildmeier reviewed the video footage in case CIC21-05-0045. At 7:39:59pm Offender Farris #279088, Offender Gonzalez-Torres #266034, Offender Salinas #205625, Offender Horn #266639, Offender Holding #258921 and Offender Samuelson #265906 are seen in the day room next to the trash can having a conversation. At 7:41:05pm The meeting breaks up. By 7:45:37pm all the offenders listed above have made their way over to the stairs outside of cell 25-2B. At 7:49:47pm Offender Samuelson shows the rest of the Offender listed above a piece of paper. At 7:51:34pm the second meeting breaks up. Offender Farris goes up by the Kiosk. Offender Salinas take up position next to the lower left restroom. Offender Horn, Offender Holding, and Offender Samuelson enter cell 25-2B at 7:55:38pm and close the cell door behind them. While they are in the cell Offender Salinas walk back and forth past cell 25-2B. At 7:56:23pm Offender Samuelson exits the cell and goes to the lower left restroom holding an item wrapped in a towel or shirt in his hand. At 7:56:35pm Offender Holding exit the cell. At 7:56:40pm

2

> Offender Horn exits the cell and proceeds to get a shirt and try to mop the blood up of the floor at the door to cell 25-2B.

Dkt. 9-6.

A hearing was held on June 18, 2021, and Mr. Gonzalez-Torres denied the accusation that he was standing guard in front of the cell while the assault was occurring and maintained he was in another cell during the incident. Dkt. 9-5. The DHO found Mr. Gonzalez-Torres guilty based on staff reports, Mr. Gonzalez-Torres' statements, evidence from witnesses, and photographic and video evidence. *Id*. Mr. Gonzalez-Torres received a loss of 90 days of earned credit time and had the suspended sanction in CIC 21-03-0215 imposed, which included an additional loss of 30 days of earned credit time. *Id*.

Mr. Gonzalez-Torres followed the administrative appeals process, and both his appeals were denied. Dkts. 9-12, 9-13, and 9-14. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, dkt. 1, for which Respondent provided a return, dkt. 9.

### III.   Analysis

Mr. Gonzalez-Torres asserts two grounds to challenge his prison disciplinary conviction: (1) that he requested and was denied several witness statements; and (2) that prison officials failed to follow prison policies when drafting disciplinary reports.

#### a.   Right to Call Witnesses

Mr. Gonzalez-Torres alleges he requested witness statements from offenders Michael Samuelson, Dae'clint Farris, Reyaldo Sahinas, Jeffrey Minor and Tyler Lagendefer, but only received statements from Michael Samuelson and the alleged victim Tyler Lagendefer. Dkt. 1 at 2-3.

The right to call witnesses extends only to "material exculpatory evidence." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Evidence is exculpatory if it undermines or contradicts the

3

finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). The right is further limited in that "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). "Inmates have a due process right to call witnesses at their disciplinary hearings when doing so would be consistent with institutional safety and correctional goals." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974)).

In this case, the evidence reveals there were written statements provided from each of the individuals Mr. Gonzalez-Torres requested, including Michael Samuelson, dkt. 9-7, Dae'Clint Farris, dkt. 9-8, Reyaldo Salinas, dkt. 9-9, Jeffrey Minor, dkt. 9-10, and Tyler Langenderfer (the victim), dkt. 9-11. Even if Mr. Gonzalez-Torres' account of the events were true – that he only received statements from Michael Samuelson and Tyler Langenderfer – his due process rights would have been sufficiently attended to since the other witness statements were repetitive in stating he was without fault. *Compare* dkts. 9-7 and 9-11 *with* dkts. 9-8, 9-9, and 9-10. Absent a showing of prejudice, any potential due process error would have been harmless. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir. 2011). As a result, this claim must fail.

b. **Prison Policies**

Next, Mr. Gonzalez-Torres alleges the prison officials failed to properly document the events on the Report of Conduct and the Report of Disciplinary Hearing Video Evidence Review. Dkt. 1 at 3-4. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting

challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

To the extent Mr. Gonzalez-Torres challenges the adequacy of his advance written notice, the Court observes that the questions he asked of his witnesses once he received notice of the allegations, dkt. 9-2, and the arguments he made in his appeal, dkt. 9-12, demonstrate he was in possession of the relevant facts to mount an adequate defense. Therefore, this claim is without merit.

### IV.   Conclusion

Accordingly, the petition for a writ of habeas corpus is **DENIED**. This action is **DISMISSED**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 8/30/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ANGEL GONZALEZ-TORRES, 266034
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov